CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
May 06, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JEREMY DEFOUR,** | ) |
|    Plaintiff, | ) Case No. 7:22cv00703 |
| | ) |
| v. | ) **MEMORANDUM ORDER** |
| | ) |
| **R. WHITE, et al.,** | ) By:  Pamela Meade Sargent |
|    Defendants. | ) United States Magistrate Judge |

     Jeremy DeFour, ("Defour"), the pro se plaintiff in this civil rights action under 42 U.S.C. § 1983, has filed a Motion for Preliminary Injunction, (Docket Item No. 44), and a Motion for Default Judgment Granting Preliminary Injunction, (Docket Item No. 69).  Defendants timely responded to the plaintiff's Motion for Preliminary Injunction on April 12, 2024, (Docket Item No. 60), so the Motion for Default Judgment, (Docket Item No. 69), is **DENIED**.  For the reasons set forth below, the Motion for Preliminary Injunction, (Docket Item No. 44), also will be denied.

     Preliminary injunctive relief is an extraordinary remedy that courts should grant "sparingly."  *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811, 816 (4th Cir. 1991).  The remedy is to be granted only on a "clear showing" of entitlement to relief.  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  A preliminary injunction is not appropriate when the harm complained of does not arise from the harm alleged in the complaint.  *See Omega World Travel, Inc. v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997).  The moving party must demonstrate a relationship between the injury claimed in the motion for injunction and the conduct giving rise to the complaint.  *See In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003).  A preliminary injunction "may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action."  *Omega World Travel*, 111 F.3d at 16.

The remaining claims in DeFour's complaint are:

1. On September 19, 2022, defendant Bentley violated plaintiff's First Amendment rights by filing a retaliatory disciplinary charge against DeFour;
2. Defendant Hearing Officer Adams issued a retaliatory adverse ruling against DeFour on the disciplinary charge written by Bentley, in retaliation for DeFour's exercise of First Amendment rights;
3. On October 3, 2022, defendant Scott sexually assaulted DeFour in violation of his Eighth Amendment rights; and
4. Defendant Shirks violated DeFour's First Amendment rights by filing a retaliatory disciplinary charge against DeFour for filing an alleged false complaint against Scott for sexual assault.

The Motion for Preliminary Injunction alleges that legal papers, an address book, research books and other items were confiscated from DeFour's cell during a shakedown on February 10, 2024, more than a year after the events which are the subject of this lawsuit. Even though some of the papers confiscated allegedly included DeFour's legal papers in this case and another pending case, the confiscation occurred during a routine shakedown by the Special Response Team of the B-1 pod at Red Onion State Penitentiary, the pod in which DeFour's cell was located. The routine security investigation of the entire pod is completely unrelated to Scott's alleged assault of DeFour and to the alleged retaliatory disciplinary charges and proceedings involved in DeFour's complaint. Accordingly, the harm DeFour seeks to enjoin was not caused by the conduct of Bentley, Adams, Scott or Shirks, and it is not an appropriate basis for injunctive relief in the present lawsuit. Likewise, the relief DeFour seeks, return of his confiscated property, is unrelated to

the underlying claims against Bentley, Adams, Scott and Shirks.  *See Omega World Travel, Inc.,*, 111 F.3d at 16.

Further, DeFour seeks relief against persons who are not a party to this suit. There is no allegation that Bentley, Adams, Scott or Shirks, the only remaining defendants in this case, conducted the shakedown of his cell or confiscated any of DeFour's property.  The Special Response Team members are not defendants in this suit, and the court has no jurisdiction over them.  *See* FED. R. CIV. P. 65(d)(2) (explaining who may be bound by an injunction).

For the reasons stated, the Motion for Preliminary Injunction, (Docket Item No. 44), is **DENIED**.

**ENTERED:**  May 6, 2024.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE